**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JACQUELINE STEVENS** | **CIVIL ACTION** |
| **VERSUS** | **26-586-JWD-RLB** |
| **WALMART, INC.** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 19, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JACQUELINE STEVENS** | **CIVIL ACTION** |
| **VERSUS** | **26-586-JWD-RLB** |
| **WALMART, INC.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 7). The motion is opposed. (R. Doc. 14).

**I. Background**

On April 1, 2026, Jacqueline Stevens ("Plaintiff") filed a lawsuit against Walmart, Inc. ("Walmart"), Brian Spurrier ("Spurrier"), and an unknown employee of Walmart (collectively, "Defendants"). Plaintiff alleges a fabric cabinet "fell on top of her and pinned her against the opposite side of the Aisle, causing serious injuries and damages[.]" (R. Doc. 1-2).

On May 29, 2026, Walmart removed the action, arguing there was diversity jurisdiction because the amount in controversy exceeded $75,000, complete diversity exists between Plaintiff and Walmart, Spurrier was improperly joined, and the citizenship of the unknown employee, as a fictitious defendant, may be disregarded for the purposes of determining diversity jurisdiction. (R. Doc. 1). Walmart argues Spurrier was improperly joined because Plaintiff has not stated a cause of action against Spurrier, and Spurrier was only added as a defendant to defeat diversity jurisdiction. (R. Doc. 1).

Plaintiff filed the instant Motion to Remand on June 24, 2026, arguing the case should be remanded because complete diversity does not exist. (R. Doc. 7). Plaintiff asserts Walmart cannot meet the heavy burden of proving improper joinder as it has not demonstrated that

Plaintiff has no possibility for recovery against Spurrier. Plaintiff further asserts that an allegation that a store employee has personal knowledge of a danger and fails to cure the risk of harm is sufficient to state a claim against the employee; Plaintiff believes she sufficiently alleged that Spurrier was at fault for causing the accident through his failure to secure the cabinet in a place he knew or should have known was dangerous. (R. Doc. 7-1 at 5). Plaintiff also requests Walmart be ordered to pay Plaintiff's incurred costs and attorney fees due to Walmart's "baseless removal." (R. Doc. 7-1 at 6).

Walmart filed its Opposition on July 8, 2026, arguing again that Plaintiff has not provided sufficient allegations to establish a reasonable basis for recovery under state law against Spurrier as Plaintiff has failed to allege any specific facts that could lead to personal liability under the Louisiana Supreme Court's *Canter* elements. (R. Doc. 14). Walmart argues that by making the exact same allegations of fault against both Walmart and Spurrier, Plaintiff has not demonstrated that Spurrier owed a personal duty or caused harm through personal fault, instead attempting to impose liability based on Spurrier's general administrative duties, which is not allowed under Louisiana law. (R. Doc. 14 at 5-6).

Walmart attached an Affidavit of Spurrier to its Opposition in which Spurrier testifies he was not involved in setting up the display, not involved in deciding where the display was to be placed, did not stock or regularly inspect the display, had no prior knowledge of problems or vices with the display, and was not involved in the decision-making process as to whether the display needed to be secured. (R. Doc. 14 at 8). Walmart requests all claims against Spurrier be dismissed with prejudice. (R. Doc. 14 at 9). Walmart also disputes Plaintiff's request for incurred costs and attorney fees because the removal was not baseless. (R. Doc. 14 at 9).

## II. Law and Analysis

### A. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction...." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).[1]

Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed ..."). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). To meet its burden, the removing party must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 646-47. As Walmart has not alleged actual fraud in Plaintiff's pleading of jurisdictional facts, the Court will only consider the latter test for improper joinder.

[1] There is no dispute that the amount in controversy requirement is satisfied. Accordingly, the Court will turn directly to the issue of whether Spurrier was improperly joined as a defendant.

In that situation, “the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.” *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

Generally, a court should “conduct a Rule 12(b)(6)-type analysis ... to determine whether the complaint states a claim under state law against the in-state defendant.” *Id*. However, where a plaintiff has omitted or misstated “discrete facts that would determine the propriety of joinder,” the district court may “pierce the pleadings and conduct a summary inquiry” to determine whether a non-diverse defendant has been improperly joined. *Id*. “[A] court may choose to use either one of these two analyses, but it must use one and only one of them, not neither or both.” *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016).

When conducting a Rule 12(b)(6)-type analysis, the Court must determine whether the plaintiff has plead “enough facts to state a claim to relief that is plausible on its face.” *Int'l Energy Ventures*, 818 F.3d at 200 (5th Cir. 2016) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the Court to “draw the reasonable inference that the defendant is liable for the misconduct alleged.” *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950. The Court may take judicial notice of

public records while conducting this 12(b)(6)-type analysis. *See Viking Constr. Grp., LLC et al. v. Satterfield & Pontikes Constr. Grp., et al.*, No 17-12838, 2018 WL 398751, at *4 n.18 (E.D. La. Jan. 12, 2018); *Rantz v. Shield Coat, Inc.*, No. 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017).

If a court determines that the non-diverse party has been improperly joined under a Rule 12(b)(6)-type analysis, that party must be dismissed without prejudice. *Int'l Energy Ventures*, 818 F.3d at 209. This dismissal is based on lack of subject matter jurisdiction and does not operate as an adjudication on the merits. *Id*. at 210. When applying the improper joinder test, a federal court reads the original state court pleading through the lens of the federal pleading standards. *Id*. at 203.

**B. Analysis**

Louisiana law sets forth the "limited circumstances" under which an employee can be held individually liable for injuries to third persons. *Banks v. Wal-Mart, Inc.*, No. 18-749, 2018 WL 4001289, at *3 (W.D. La. Aug. 6, 2018). The Louisiana Supreme Court held, in *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973), that an employee may be personally liable to third parties only if the following four distinct elements are satisfied:

> 1. The principal or employer owes a duty of care to the third person[,] breach of which has caused the damage for which recovery is sought.
> 2. This duty is delegated by the principal or employer to the defendant.
> 3. The defendant ... has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
> 4. [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of

> some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages.

*Id*. at 721; *see also Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911, 916 (5th Cir. 2009) ("*Canter*'s four-part test is used to determine whether an employee is individually liable to third persons, even if they are not co-employees.") (*quoting In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 386 (5th Cir. 2009)).

Considering Plaintiff's Petition for Damages, Plaintiff has failed to allege any viable claims against Spurrier under *Canter*. Plaintiff alleges the cabinet fell due to the fault of all Defendants, whose fault includes but is not limited to:

> (a) Ordering and/or sanctioning the negligent placement of the cabinet on an unbalanced or improper surface;
> (b) Failing to properly secure cabinets/shelves;
> (c) Failure to maintain the premises in a safe condition;
> (d) Failure of its employee to see what he should have seen and to do what he should have done;
> (e) Failure to properly patrol and supervise premises;
> (f) Failing to exercise due care and caution under all facts and circumstances;
> (g) Allowing the premises to become dangerous without taking precautions to safeguard the safety of their customers;
> (h) Failure to safely and securely place the cabinet where he knew or should have known that it was dangerous; and
> (i) All other acts of negligence which may be shown through discovery and at the trial of this matter.

(R. Doc. 1-2 at 1-2). Plaintiff does not allege any facts specific to Spurrier, including whether Spurrier had personal knowledge of the danger and/or failed to cure the risk of harm. Instead, Plaintiff merely alleges all Defendants are liable for the same reasons without providing any differentiation between the Defendants' respective duties and/or acts. Even assuming that the first *Canter* element is satisfied – that Walmart owed a duty not to harm its customer – Plaintiff cannot establish the remaining *Canter* elements.

Regarding the second element, Plaintiff fails to allege any facts to show Walmart delegated to Spurrier any specific duties of care owed to Plaintiff with respect to the maintenance

and safety of the premises. Even if facts were alleged to indicate Spurrier had duties regarding maintenance and safety of the premises, no facts have been alleged to show it would have been a *personal* duty. *See Esco v. Smith*, 468 So. 2d 1169, 1175 (La. 1985) (For personal liability to attach under *Canter*, a defendant "must have some personal contact with and responsibility towards the injured [person]."). Plaintiff merely states the Spurrier is the "store manager," alleging nothing about his duties to Walmart, much less to Plaintiff. *See Lori Bureau v. BASF Corp.*, 2022 WL 807372, at *7, 2022 U.S. Dist. LEXIS 44730, at *19-20 (M.D. La. Jan. 3, 2022) (improper joinder of managers under second *Canter* factor because "Plaintiffs do not make any factual allegations with respect to the actual duties of the Individual Defendants as managers, much less any factual allegations suggesting that these individuals were tasked with independently ascertaining what levels of emissions were safe.")

Further, the complaint is devoid of facts to support the allegations that Spurrier actively participated in or had any knowledge of the danger, thus failing to meet the third element of *Canter*. For example, Plaintiff does not allege any facts to show what specific knowledge Spurrier had or whether Spurrier was personally involved in arranging the cabinet in an allegedly dangerous manner. S*ee Gautreau v. Lowe's Home Ctr., Inc.,* No. 12-630, 2012 WL 7165280, at *4 (M.D. La. Dec. 19, 2012) (finding that plaintiff could not state a claim against a store manager because plaintiff alleged no facts indicating the manager "actively contributed to or had any personal knowledge of a harmful condition" in the display that caused plaintiff's injury); *see also Lamar Ellis, et al. v. Evonik Corp, et al.*, No. 21-1089, 2021 WL 4862146, at *6 (E.D. La. Oct. 19, 2021) (citations omitted) ("In *Canter* cases, where actual knowledge of a hazard is alleged, courts require that the employee-defendant have actually known of a discrete, imminent

risk, which ultimately leads to a plaintiff's injuries.").[2] Because "general conclusory allegation[s regarding] knowledge of [a] condition, without any supporting facts, [are] insufficient to support a claim against them," this Court finds Plaintiff has failed to support the third element of *Canter*. *Miciotto v. Hobby Lobby Stores, Inc.*, 2022 WL 3210686, at *3, 2022 U.S. App. LEXIS 22025, at *8 (5th Cir. Aug. 9, 2022).

As to the fourth element, any duties Spurrier had based on his position as store manager would have been part of his general responsibilities and duties owed to all customers at Walmart. Plaintiff does not allege any specific personal duties owed to Plaintiff that do not arise out of Spurrier's general administrative responsibilities for which Walmart would be technically or vicariously liable, thus failing to satisfy the fourth element of *Canter*. *See Rolls on behalf of A. R. v. Packaging Corp. of Am. Inc.*, 34 F.4th 431, 437-38 (5th Cir. 2022) ("[T]he employee's breach must have been more than a simple breach of a 'general administrative responsibility,' but must instead stem from the breach of a duty the employee owed the plaintiff personally that was not properly delegated to another employee.").

Without factual allegations to support the assertion that Spurrier had the necessary knowledge and failed to warn Plaintiff of any danger, or that Spurrier had a personal duty to Plaintiff distinct from the general duties and responsibilities of his position, this Court has no reasonable basis to predict Plaintiff can recover against Spurrier. See *Martin v. Winn Dixie Montgomery, LLC*, No. 15-5770, 2016 WL 952258, at *3 (E.D. La. Mar. 14, 2016) (plaintiff's laundry list of boilerplate allegations of "actions and/or inactions, as well as the presence of the following non-exclusive list of defects within said premises" were insufficient to suggest

---

[2] Additionally, the Affidavit of Spurrier attests that he was not involved in setting up the display, not involved in deciding where the display was to be placed, did not stock or regularly inspect the display, had no prior knowledge of problems or vices with the display, and was not involved in the decision-making process as to whether the display needed to be secured. (R. Doc. 14 at 8).

anything beyond the non-diverse defendant's "general administrative responsibility" as a store manager and, accordingly, there was no basis for imposing personal liability); *Soman v. Target Corp. of Minnesota*, No. 20-649, 2022 WL 556825, at *4 (M.D. La. Jan. 13, 2022), *report and recommendation adopted*, 2022 WL 554652 (M.D. La. Feb. 23, 2022) (plaintiff's allegations that non-diverse manager had a responsibility to monitor the cleanliness of the floors, and should have known of the slippery condition of the floors at the store entry, were "too general and speculative" to demonstrate any personal knowledge that could give rise to *Canter* liability).

Accordingly, Spurrier was improperly joined as a defendant, and his citizenship must be disregarded for the purposes of determining diversity jurisdiction under 28 U.S.C. § 1332. The Court must dismiss Plaintiff's claims against Spurrier without prejudice. *Int'l Energy Ventures*, 818 F.3d at 209 ("When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice. If subject matter jurisdiction is based on diversity, a court never has jurisdiction over a nondiverse party."). Walmart, as a citizen of Delaware and Arkansas, and Plaintiff, as a citizen of Louisiana, are diverse; thus, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3]

**III. Costs and Expenses**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin*

---

[3] The citizenship of a corporation is determined by its state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). Walmart is a Delaware corporation with its principal place of business in Bentonville, Arkansas. (R. Doc. 1 at 3). For an individual, "state citizenship for diversity purposes is regarded as synonymous with domicile." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Plaintiff is domiciled in the Parish of West Baton Rouge, State of Louisiana. (R. Doc. 1 at 3; R. Doc. 1-2 at 1).

*Capital Corporation*, 546 U.S. 132, 141 (2005). Since the Court finds removal was proper, each party shall bear their own costs and expenses.

## IV. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 7) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Defendant Brian Spurrier be **DISMISSED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on August 19, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**